WELSBACH LIGHT CO. v. REX INCANDESCENT LIGHT CO.

(Circuit Court, S. D. New York.    April 23, 1898.)

PATENTS—INCANDESCENT MANTLES FOR LIGHTS.

The Rawson patent, No. 407,963, for improvements in incandescent mantles for gaslights, *held* valid, and infringed, on motion for a preliminary injunction.

This was a suit in equity by the Welsbach Light Company against the Rex Incandescent Light Company for alleged infringement of a patent for incandescent mantles.   The cause was heard on a motion for preliminary injunction.

John R. Bennett, for the motion.
Louis Hicks, opposed.

LACOMBE, Circuit Judge.    This is a suit to prevent infringement of the first claim of United States patent No. 407,963, dated July 30, 1889, to Rawson and another, for production of incandescent mantles. This patent was before Judge Townsend, and the claim sustained, in the recent suit in this court of Same Complainant v. Sunlight Incandescent Co., 87 Fed. 221.    It was held that the invention covered by the patent was a most meritorious one; that the patentees may be regarded as pioneers; that the patent should not be narrowly interpreted, but should be so construed as to cover a broad range of equivalents; and that it did cover mantles coated "by dipping or immersing them in a solution composed chiefly of collodion, with the addition of a small percentage of castor oil."    Under familiar practice, that decision will be followed here unless some peculiar circumstances are shown.    No patent, no prior publication, no authority not before Judge Townsend, is presented here.    The proposition advanced upon the argument that no serious defense was made in the earlier suit finds no support in the record, in the briefs, or in the argument of counsel for the defendant in that case, a shorthand report of which has been submitted on this motion.    Four affidavits (not properly verified for use in this action, but which may nevertheless be filed with the other papers) have been presented, asserting that affiants know of the use of the patented method prior to the patentee's application.    This is what usually happens after a patent has been sustained at final hearing, and this court is slow to accept such ex parte statements as sufficient to do away with the presumption arising from a decree at final hearing sustaining the patent.    Infringement is sufficiently shown.    Indeed, when the patent is broadly construed, as Judge Townsend held it should be, it is hardly disputed. Motion granted.