## WELSBACH LIGHT CO. v. REX INCANDESCENT LIGHT CO.

(Circuit Court, S. D. New York. August 1, 1898.)

PATENTS—PRELIMINARY INJUNCTION.

The fact that a prior foreign patent lapsed between the date of the application and the date of issuance of the American patent renders the latter of such doubtful validity that a preliminary injunction thereon should not be continued.

This was a suit in equity by the Welsbach Light Company against the Rex Incandescent Light Company for alleged infringement of letters patent No. 407,963, issued July 30, 1889, to F. W. & W. S. Rawson, for improvements in incandescent mantles for lights. A preliminary injunction was heretofore granted. See 94 Fed. 1004. The defendant now moves to vacate said preliminary injunction on the ground that a French patent for the same invention had lapsed between the date of the application for the patent in suit and the date of its issuance.

Louis Hicks, for the motion.
John R. Bennett, opposed.

LACOMBE, Circuit Judge.    At the time motion for preliminary injunction was made (94 Fed. 1004) defendant knew nothing about expiration of the French patent, and introduced no evidence on that point.    Since then the case against the Apollo Company (Welsbach Light Co. v. Apollo Incandescent Gaslight Co., 94 Fed. 1005) came on to be heard, and the defense of expiration of such patent was fully presented.    This court found that it raised objections to complainant's relief which should not be passed upon in preliminary motion, and therefore refused injunction pendente lite.    Defendant now presents affidavits setting up the facts as to French patent as they were developed on the Apollo Case.    Although this defense comes to light rather late, there is no good reason why this particular defendant should be enjoined while others are left free to infringe, and the motion to vacate preliminary injunction is granted, for the reason stated.